<div style="position:absolute;right:0;top:0">Bond<br>v.<br>Frost.</div>

---

## Succession of W. H. Vanrensellaer.

*Where, at a succession sale made to effect a partition, a married woman, who was one of the heirs, purchased the property in her own name, and ever afterwards retained its administration, it will be regarded as her paraphernal property, although the amount given for the property greatly exceeded her share of the succession.*

APPEAL from the Fourth District Court of New Orleans, *Strawbridge, J. C. Roselius*, for appellant. *Benjamin* and *Micou*, for appellee. The judgment of the court (*Eustis*, C. J., absent,) was pronounced by

Rost, J. The appellant, as administrator of the succession of *Walter H. Vanrensellaer*, applied for and obtained an order to sell certain immovable property, represented by him as belonging to the succession, for the purpose of providing funds for the payment of the debts. The execution of this order was opposed by the surviving widow, on the ground that the property did not form a part of the acquets and gains, but belonged to her in her separate and individual right. This property was purchased in the name of the opponent, during the existence of her marriage with *Vanrensellaer*, at a probate sale of the succession of her brother, *Joseph H. Gladding*, in 1842; which sale was made to effect a partition among the heirs of *Gladding*, of whom the opponent was one. The only question which the case presents is, whether property thus acquired, by the wife, forms part of the acquets and gains. The district judge held that it did not, and the administrator has appealed from the judgment sustaining the opposition.

It is said, in behalf of the appellant, that this case cannot be distinguished from that of *Dees and Husband* v. *Seale et al.*, 5th Ann. 688. The difference between them is obvious. In the case of *Dees*, the slave had been purchased in the name of the husband, at the sale of a succession in which the wife was an heir, and it did not appear, in the act of sale or otherwise, that he had received the slave as a part of the wife's paraphernal estate, or that it was purchased for her,

SUCCESSION OF
VANRENSEL-
LAER.

There was, therefore, nothing in the record to show that the husband or wife intended the property to be paraphernal, at the time of the purchase, and the case clearly came within the rule established by art. 2371, C. C. In the present case the property was purchased by the wife herself. In the final partition among the heirs, her share in the succession being less than the amount of her purchase, was deducted therefrom, and it is shown, that she had ever afterwards the sole administration of the property. It would, therefore, more properly come under the authority of the cases of *Dominguez* v. *Lee*, 17 L. R. 296. *Terrell* v. *Cutrer, Syndic*, 1 R. R. 367. *Rousse* v. *Willard and Wife*, 1 R. R. 115. *Savenat* v. *LeBreton*, 1 L. R. 522. *Stroud* v. *Humble*, 2d Ann. 930. *Ellis' Syndic* v. *Rush*, 5th Ann. 116. *Squire* v. *Stockton*, 5th Ann. 743.

It is urged, that in such of those cases as are otherwise analogous to the present, the share of the wife in the succession was sufficient to pay for the property she purchased, while, in the present case, the hereditary share of the opponent was only $774, and she purchased property to the amount of $3506 ; that, as it is not shown that she had sufficient means to pay that amount, the purchase must be held to have been on account of the community.

We do not think that the right of the wife to purchase in her own name, and for her exclusive benefit, in a case like this, is affected by the amount of her bid. Art. 1265 of the code provides, that any co-heir of age, at the sale by licitation of the heriditary effects, can become a purchaser to the amount of the portion coming to him from the succession, and that he is not obliged to pay the surplus of the purchase money, over the portion coming to him, until this portion has been definitively fixed by a partition.

This article makes no distinction between such heirs as are married women and others, and nothing prevented the opponent from purchasing, as she did, provided her husband authorized her thus to jeopardize her share in the succession. Her co-heirs, perhaps, might have objected at the time, but as they did not, nobody else can.

We think that the title is in the opponent, and that by her separate administration of the property, she made the rents it produced, her own. If any part of the price, or of the improvements made, have been paid, or are now due by the community, she must account to the administrator for the advances. This, however, cannot be done in the present suit, the only question it presents being one of title.

The judgment is affirmed, with costs.